HAROLD L. SEBRING, Associate Judge.
John Markos, the owner of a certain business property in Broward County known as the “Sea Club,” leased the property to one Louis Vullos for a two and one-half year term beginning September 1, 1954, for $150 a month payable monthly in advance. The lease contained a provision according the lessee the privilege of renewing the lease for two additional five-year terms, at $175 and $200 a month, respectively, provided notice of intention to renew was given at least 60 days prior to the expiration of the preceding term.
As orginally prepared for execution by the parties, the lease contained a provision for purchase of the property, as follows: “Lessee is hereby given the option to purchase the foregoing leased premises during the term of this lease and as the same may be extended by the exercise of the options herein for the sum of Forty Thousand Dollars ($40,000.00) payable as follows * * Before the lease was executed this provision was “crossed-out” of the lease, and thereby voided by the parties, and the following provision for purchase was substituted: “Lessee is hereby given the option to purchase the foregoing leased premises until September 1, 1957 for the sum of Forty Thousand Dollars ($40,000.00) payable as follows. * * * ”
Both the original and the substitute provisions provided, in respect to terms of purchase, that the $40,000 purchase price should be payable “Five Thousand Dollars ($5000.00) down, lessors to accept note and mortgage for the balance of the purchase price according to the following terms and conditions: Five Thousand Dollars plus interest on the 1st day of the 12th month following the date of purchase; Five Thousand Dollars plus interest on the first day of the same month the following year and each and every year thereafter until fully paid. Purchaser has right of prepayment and interest charged is based on unpaid balances then due and owing at the rate of 4% per an-num.”
The lease was executed by the parties on August 21, 1954 and the lessee went into possession of the premises. Thereafter, on August 13, 1956, the lessee assigned the lease to one Dorothy Raimondi for the sum of $22,000 in cash. After acquiring the lessee’s interest in the lease involved, Dorothy Raimondi spent approximately $15,000 for improvements on the property and sublet a portion of the premises for a three-year term to a third person, whose name is not shown in the record.
No steps were taken by the lessee or his assignee during the two and one-half year term of the lease, to extend the lease for an additional term. On April 2, 1957, (which was thirty-three days after the expiration of the initial two and one-half year term of the lease but approximately five months before September 1, 1957, the dead-line date specified in the lease for the exercise of the option to purchase) the *508 assignee, through her attorney, gave written notice to the lessor of her intention to exercise the option to purchase. In the letter imparting the notice it was stated: “Mrs. Raimondi has placed in my hands the sum of $5,000.00 representing the down payment and she and her husband have signed a note and mortgage in the amount of $35,000.00 payable $5,000.00 per year, plus interest at the rate of 4% per annum. Upon receipt of this letter, I would appreciate very much your contacting this office and I will deliver to you the check in the amount of $5,000.00 together with the note and mortgage in accordance with the terms of the lease. I have also prepared a Warranty Deed on subject property for the signature of you and Mrs. Markos.”
In response to this letter the lessor’s attorney, on April 12, 1957, advised Mrs. Raimondi’s attorney as follows: “Mr. Mar-kos and his wife do not feel that your client, Mrs. Raimondi, has any right to exercise the option as you claim in your letter and we have so advised them. There are certain good reasons in law for the basis of our opinion, but no point would be served to discuss them at this time. However, there is one glaring fact that I wish you would consider and that is that the Lease expired by its terms on February 28, 1957. There was no option exercised to renew the Lease for an additional term of five years and, therefore, since the same rate of rental has been paid under the original terms of the Lease, your client is a tenant at sufferance. I would suggest that the parties get together and negotiate a new Lease because I do not feel your client has any protection at all at this stage. I will be glad to cooperate with you in this regard. If, however, you disagree with me, and feel that action should be resorted to in the Courts, I would appreciate your advising me. Sj£ * * »
Eighteen days after the receipt of the letter from the lessor’s attorney, Dorothy Raimondi instituted the instant suit for specific performance, averring in her complaint the facts above stated, and that she stood ready, willing and able to complete the contract on her part in accordance with the terms and tenor of the option-to-purchase agreement. With the complaint, Dorothy Raimondi deposited $5,-000 in the registry of the Court, as down payment on the property, together with an undated but executed mortgage from Dorothy Raimondi, and husband, to the lessor, providing for payment of the unpaid balance in accordance with the terms of the option agreement.
To the complaint, the lessor set up by way of answer that the lease which was the subject of the litigation had, on February 28, 1957, expired by its own terms for failure of the assignee to exercise her privilege to extend the same, and that any rights the assignee had by virtue of the option to purchase the property expired with it; that no consideration of any kind passed from the assignee to the lessor for the alleged option to purchase the property and hence there was no privity of contract between the parties.
At final hearing on the merits, the trial court rejected the defenses interposed by the defendant and entered a final decree in favor of the plaintiff, requiring the defendant to specifically perform the option agreement by delivering a warranty deed conveying title to the plaintiff, upon the latter paying to the defendant the cash sum of $40,000, the purchase price, in full.
The question on the appeal is whether or not the entry of the final decree in favor of the plaintiff was warranted upon the pleadings and evidence.
The general rule is that where a lease of real property contains an agreement giving to the lessee the privilege of purchasing the property covered by the lease, upon certain stated terms and conditions, the agreement constitutes a covenant that runs with the land, and the option to purchase will pass upon assign *509 ment to an assignee of the lease. In respect to the general rule, an exception has been noted to the effect that where in the preparation of a lease an option-to-purchase agreement is inserted in the lease because personal confidence is reposed by the lessor in the lessee — as where the privilege to purchase is to be partly on credit — this consideration may be sufficient to take the case out of the general rule that an option to purchase contained in a lease constitutes a covenant running with the land, because to permit the enforcement of the option by the assignee would be to force upon the lessor a debtor to whom he might not be willing to extend credit. Rosello v. Hayden, Fla., 79 So.2d 682.
In the present case the trial judge found that the option agreement contained in the lease constituted a covenant running with the land, and there was ample evidence to support the finding. At no time throughout the entire controversy did the defendants make any serious attempt to defend their failure to recognize the right of the assignee to a conveyance of title upon the ground that the option had been inserted in the lease only because of the fact that the lessor had personal confidence in the lessee and hence was willing to allow the lessee, but only the lessee and not his assigns, to purchase the property on credit. To the contrary, the lessor rested his defense upon quite a different ground; namely, that because the assignee had not taken steps to renew the lease during the initial two and one-half year term the lease had expired by its own terms and that the option-to-purchase agreement had expired with it.
As to this aspect of the case, the evidence before the trial court was to the effect that the option-to-purchase agreement originally inserted in the lease was voided by the lessor and lessee before execution for the reason that the lessor did not care to extend to the lessee an option to purchase the property for $40,000 which, in case the lessee decided to exercise his privilege of extending the terms of the lease, would be binding and enforceable upon the lessor for a possible twelve and one half-year period. After considerable negotiation in respect to the matter, the parties agreed to strike the original provision containing the option-to-purchase agreement and to substitute in its place an option-to-purchase agreement which would be effective for a period of only three years from September 1, 1954 but would bind the lessor for the period of three years regardless of whether or not steps were taken by the lessee during the initial two and one-half year term to renew the lease for an additional five-year term.
It is plain that notice of intention to exercise the option to purchase the property was given well within the three-year period; indeed, the instant suit was commenced within that period. In reliance upon her good-faith belief that she had the right to exercise the option at any time within the three-year period, the assignee made extensive improvements on the property. She sub-let a portion of the premises to a third person for a three-year period. During the initial two and one-half year term she paid the rent promptly in accordance with the terms of the lease. After the termination of the original term she was allowed to stay in possession at $150 a month. Upon institution of suit she tendered into the registry of the Court, in lump, the difference between this monthly rental and the monthly rents stipulated to be paid in case of the renewal of the lease. She also tendered into Court the sum of $5,000, the amount required to be paid as a down payment on the purchase price in the event of her exercise of the option to purchase the property. In its final decree the trial court has required her to pay the full purchase price of $40,000, in lump, as a condition to receiving a deed to the property. She is ready, able, and willing to abide by the terms of this decree. Under these circumstances, it 'cannot be said that the trial *510 court committed reversible error in decreeing specific performance. Consequently, the decree appealed from should be affirmed.
It is so ordered.
KANNER, C. J., and ALLEN, J., concur.