VALLEY OIL COMPANY *vs.* LUSIA BARBERIAN & another. June 1, 1962. Decree affirmed. This is an appeal by the defendants from a final decree ordering them to convey to the plaintiff by warranty deed the gasoline station property located at the northwest corner of Andover and Dale streets in the town of Andover. The evidence is not reported. The judge made a report of material facts. The defendant Lusia Barberian was the owner of the property when she demised it by written lease dated July 31, 1952, to the Cities Service Oil Company. Under the terms of the lease the tenant had the right "to assign or sublet the premises in whole or in part, but no subletting shall release the tenant from its obligation hereunder." The lease also contained an option to purchase. The defendant Dan Barberian signed the lease and agreed to join in a deed conveying title to the lessee if the lessee should purchase the premises. Cities Service Oil Company assigned its lease to the plaintiff who, in accordance with the terms of the lease, notified the defendant Lusia Barberian it was exercising the option to purchase. The defendants contend that clause 11 of the lease is ambiguous and does not give a right to assign the lease but rather only the right to assign or sublet the premises demised. There is no sound basis for this contention. Leases may be assigned or sublet in the absence of provisions in the lease that this cannot be done. *Leitner* v. *Foster*, 280 Mass. 128, 134. The option runs with the land and enures to the benefit of the plaintiff as assignee of the lease. *Shayeb* v. *Holland*, 321 Mass. 429, 432. There was no error.

*Davis Franklin* (*Richard S. Moskow* with him) for the defendants.

*James P. Cleary, Jr.* for the plaintiff.


BRUCE FRAZEL & another *vs.* BOSTON EDISON COMPANY & another. June 1, 1962. Order of Appellate Division affirmed. This is an action of tort for injuries and consequential damages resulting from an accident involving a truck driven by the individual defendant and registered in the name of the corporate defendant. Each defendant presented a request that there was no evidence of negligence. The judge denied these requests and found for both plaintiffs. The Appellate Division vacated the finding and ordered that a finding be entered for the defendants. The plaintiffs appealed. For the reasons set forth in the opinion of the Appellate Division there was no error. There it was said, "If we disregard the defendants' evidence, the only evidence we have left bearing on the [individual] defendant's operation of the truck is that it passed the [minor] plaintiff within the 'width of arms.' This is virtually the plaintiffs' entire version of how the accident happened. No claim is made that the [corporate] defendant's truck struck the [minor] plaintiff before he lost control of his bicycle, and, except for the fact that the [minor] plaintiff was thrown from his bicycle and injured, there is no evidence with respect to just what happened after he lost control. In our opinion the evidence did not warrant a finding that the [individual] defendant was negligent." Compare *Hinckley* v. *Capital Motor Transp. Co. Inc.* 321 Mass. 174.

*Joseph F. McGaffigan* for the plaintiffs.

*Roland I. Wood* for the defendants.