*Municipal Court of the City of Boston*

No. T-6278

**SALLY SMITH**

v.

**PAUL KARGER, TRUSTEE**

*Present*: Riley, J. (Presiding), Lewiton & Canavan, JJ.

Case tried to *Adlow, C. J.*

*Lewiton, J.* In this action of tort the plaintiff seeks to recover for personal injuries which she sustained when, as she opened a kitchen cabinet, it gave way and the contents fell on her. The defendant answered by way of general denial, contributory negligence and as-

sumption of risk. At the conclusion of the trial, the judge denied the defendant's requests for rulings to the effect that the evidence did not *warrant* a finding that the defendant, his agents or servants were negligent, or that any negligence on their part caused the plaintiff's injuries, or that the defendant breached any legal duty owed by him to the plaintiff. The court found for the plaintiff. The defendant claims to have been aggrieved by the denial of the requested rulings.

*At the trial there was evidence of the following*:

In *January of* 1961, the plaintiff, while a tenant of the defendant, had a conversation with him in the course of which the defendant stated that the rent for the apartment would be raised $10 per month, and the defendant *then agreed to repair the cabinet* in the kitchen of the apartment; some time in February of the same year "a man came down and repaired the cabinet"; the plaintiff put her hand on the cabinet to test it after the repairs, and she saw that the cabinet was "very tight" and "secure"; on the morning of *March* 11, 1961, the plaintiff opened the cabinet and it gave way and the contents fell on her injuring her toe, hand and head; after the accident the plaintiff's son came into the kitchen, assisted her, and noticed three long wire nails on the floor below the cabinet approximately 2½" long.

While the case is a close one, we are not

satisfied that the rulings by the trial judge were erroneous.

It could reasonably be found that the landlord had agreed to repair the kitchen cabinet in consideration of the tenant's agreement to continue to occupy the premises at an increased rental. Such agreement would obligate the landlord to make such repairs. *Withington v. Rose,* 258 Mass. 188; *Diamond v. Simcovitz,* 310 Mass. 150; *Cf. Commonwealth Invest. Co. v. Fellsway Motor Mart,* 294 Mass. 306; *Tashjian v. Karp,* 277 Mass. 42.

The law is well settled in this Commonwealth that when a landlord makes repairs to the demised premises pursuant to such a contractual obligation, and does so negligently, he is liable to the tenant who sustains injuries as the result of the negligent repairs. *Blood v. Dewey,* 315 Mass. 500, 503; *Diamond v. Simcovitz,* 310 Mass. 150, 152; *Bergeron v. Forrest,* 233 Mass. 392, 398.

The difficult questions presented by this report are

(1)  whether it could be found on the evidence that the man who came to the plaintiff's apartment to repair the cabinet was a person for whose actions the defendant is responsible, and

(2)  whether the repairs were negligently made, as the result of which the cabinet fell on the plaintiff.

There is no direct, positive evidence in support of the plaintiff's position on either question. However, in deciding the propriety

of requested rulings to the effect that specified findings are not warranted, it is essential to bear in mind certain pertinent principles applicable to the trials of cases and the determination of facts involved therein.

Thus, it is well established that the plaintiff is not bound in all cases to show the exact particulars of the defendant's negligence, and that he is entitled to recover if he proves facts from which an inference of negligence can properly be drawn and such inference is in fact drawn. *Marchant v. Connelly,* 335 Mass. 397, 399; *Brennan v. Arlington Gas Light Co.,* 341 Mass. 679, 683; *West v. Linehan,* 201 Mass. 499, 501; *Cf. Barabe v. Duhrkop Oven Co.,* 231 Mass. 466; *Corrao v. Sears Roebuck & Co.,* 298 Mass. 23, 26.

The plaintiff is not required to exclude every possible cause for her injuries other than that of negligence of the defendant; she is required only to show a greater likelihood that her injury was caused by the defendant's negligence than by some other cause. *Evangelio v. Metropolitan Bottling Co., Inc.,* 339 Mass. 177, 180; *Rocray v. Duby,* 328 Mass. 110, 112; *Bennett v. Cohen,* 310 Mass. 714, 715.

Applying the foregoing principles to the evidence in the instant case, we are of the opinion that the trial judge could properly have drawn the inference that the man who came to the premises of the plaintiff to make repairs on her kitchen cabinet shortly after the defendant had agreed to make such re-

pairs, was caused to go there by the defendant and was the latter's agent or servant in making the repairs, rather than a stranger coming in off of the street. *Cf. Corrao v. Sears Roebuck & Co.,* 298 Mass. 23.

■ With respect to the issue of negligence, it is apparent from the reported evidence that the period intervening between the time the repairs were made in February, 1961, and the date of the accident, March 11, 1961, could not have exceeded 39 days, and may have been as little as 12 days. Having in mind the use which is customarily made of kitchen cabinets, the extent of the strain normally placed on them, and the absence of evidence of abnormal use or strain on the cabinet in the case at bar during the period in question, it was permissible for the trial judge to infer that the cabinet would not have given way when it was opened by the plaintiff on March 11, 1961, if it had not been inadequately secured, which would support a finding of negligent repair. *Cf. Corrao v. Sears Roebuck & Co.,* 298 Mass. 23; *Coppithorne v. Hardy,* 173 Mass. 400; *Barabe v. Duhrkop Oven Co.,* 231 Mass. 466; *Kelley v. Pittsfield Coal & Gas Co.,* 257 Mass. 441.

■ The fact that the plaintiff, who was not shown to have had any mechanical or carpentry experience, concluded from merely putting her hand on the cabinet to test it after the repairs that it was "very tight" and "secure" does not preclude the drawing of

the inferences discussed above. *Report Dismissed.*

*Riley, J. dissenting.* I cannot agree with the decision of the majority in this case, and feel constrained to express my dissent.

I believe that the defendant's requests for rulings numbered one to four inclusive, should have been granted.

The evidence appears sufficient to warrant the finding of an agreement to repair the cabinet, and likewise permits the inference that the man who did some work on the cabinet was undoubtedly sent by the landlord and was acting on his behalf and with his knowledge and consent.

My point of difference with the majority relates to the evidence of negligence, which I believe is not sufficient to attribute to either the defendant or his agent.

No date in February is recited when the defendant's agent worked on the cabinet, be it early or late. The accident occurred on March 11th with no evidence as to what went on at this apartment during the interim. The report does indicate that during this period of time the plaintiff and her family continued to occupy the apartment as they had previously to January, 1961, when the conversation relative to rent increase and repair of the cabinet first took place, and that the same was in the control of the plaintiff as the tenant at all times.

There is no evidence that either the defendant or the man whom he sent to repair

the cabinet ever returned during this interval of time, nor that either of them was at the apartment on the day of the accident.

The unexplained accident alleged to have been caused by the negligence of the defendants, neither of whom was present on that day, and had not been since some time in February, remains unexplained.

All the cases cited by the majority opinion on the subject of inference of negligence are distinguishable in that in each of those cases the defendant against whom the inference was drawn was either present or close by when the negligent act occurred, or the lapse of time was brief;—nothing like the lapse of twelve to thirty-nine days.

I do not believe there are any established facts permitting of proof by rational inference of the defendant's negligence as a proximate cause.

The plaintiff in this action has the affirmative burden of showing that the negligence of the defendant or his servant caused her injury, and such showing cannot be left to surmise or conjecture, but there must be something amounting to proof either by direct evidence or by rational inference from established facts. *Felch v. D'Amico,* 326 Mass. 196; *Roscigno v. Colonial Beacon Oil Co.,* 294 Mass. 234-235.

I believe the plaintiff has not sustained her burden of proof by removing the case from the field of speculation and conjecture, and that it was error to deny the defendant's

requests for rulings of law numbered one to four inclusive. *Frazel v. Boston Edison Co.,* 344 Mass. 759.

Benjamin F. Forde, Jr., of Boston, for the Plaintiff.

Badger, Parrish, Sullivan & Frederick, of Boston, for the Defendant.