## BERRY *v.* LUCKETT, et al.

No. 42831     December 16, 1963     158 So. 2d 706

*Howie, Howie & Montgomery*, Jackson, for appellant.

*Campbell & Campbell,* Yazoo City, for appellee, H. G. Luckett.

*Henry, Barbour & DeCell,* Yazoo City, for appellees, Thomas Warren Smith, et al.

McElroy, J.

This suit is filed by Mrs. Doris Ross Berry, devisee under the will of David F. Berry, deceased, in the Chancery Court of Yazoo County, Mississippi, against the appellees, D. C. Luckett, H. G. Luckett, V. W. Cook, Thomas Warren Smith, and Mary Emma S. Smith, whereby the complainant, Mrs. Doris Ross Berry, sought to have herself adjudged to be the true owner of certain mineral interests, and that the claim of defendants be cancelled as a cloud on her title.

General demurrers were filed by defendants, H. G. Luckett, Thomas Warren Smith and Mary Emma S. Smith, and from a decision sustaining the demurrers of the defendants in this cause appellant Mrs. Doris Ross Berry appeals.

The dispute over the ownership of 82/175 undivided mineral interest arises solely from the provisions of the following chain of conveyances:

(1) July 10, 1941. A mineral conveyance from H. G. Luckett et ux. to D. C. Latimer of an undivided 10/175 interest in and to all of the oil, gas, and other minerals of every kind and character in or under that certain tract or parcel of land, etc. The conveyance stated, ''We intend to convey and do hereby convey an undivided 10 royalty acres under the above described land.''

(2) November 30, 1943. A warranty deed from H. G. Luckett et ux. to D. C. Luckett of the 175 acres except the undivided 10/175 interest deeded to D. C. Latimer.

(3) December 10, 1943. D. C. Luckett "to royalty deed" to H. G. Luckett. This deed stated in part: ". . . do hereby bargain, sell and convey to H. G. Luckett an undivided 82/175ths interest in and to all of the oil, gas and minerals in, on and under, . . . subject, however, to any valid oil or gas leases now on said premises. This grant shall convey to and vest in the grantee the right to receive the respective interest above named of all royalty that may become due and payable under any oil or gas lease that may now be on said premises, or that may hereafter be executed on said premises under the authority hereinafter set out. It is further agreed that there is no valid oil, gas or mineral lease now on said premises, the grantor shall have and does reserve the exclusive right to, and may if he deems advisable but is not required so to do, execute a lease for oil or gas or other minerals covering said land, . . . for such bonus price and upon such terms as to royalty to be paid on oil, gas or other minerals produced under said lease . . .; that is to say, the grantor herein shall have the exclusive right to execute a lease as lessor which shall give the lessee the right to enter, produce and remove the oil, gas or other minerals found in said premises, . . . .  The grantor herein shall have the right to retain all bonus moneys received for the execution of any leases, and all rentals paid thereunder in lieu of development, . . . .  In the event there is an existing valid lease covering said land, and for any reason said lease becomes canceled, forfeited or inoperative, then in such event the grantor shall have the same right and power to execute a new lease, . . . .  It is the intention of this instrument to convey, subject to the limitations and provisions above set out, to the said H. G. Luckett 82 royalty acres in the above described land."

(4) April 15, 1944, Warranty deed from D. C. Luckett to J. W. Woolwine, D. F. Berry and S. H. Wood of the following 175 acres of land: "There is hereby excepted from this conveyance that certain undivided 10/175th interest . . . . There is also hereby expressly excepted from this conveyance that certain undivided 82/175th interest in and to all of the oil, gas and other minerals in, on and under said lands conveyed to H. G. Luckett by the grantor herein by instrument dated December 10, 1943, . . . . However, all and whatever rights, title and interest which the grantor herein has in and to the oil, gas and other minerals conveyed by him to the said H. G. Luckett by said instruments are hereby conveyed.

(5) May 30, 1945. Warranty Deed from J. W. Woolwine and S. H. Wood to David F. Berry. This deed stated in part: ". . . do hereby convey and warrant, subject to the exceptions and reservations hereinafter made, unto D. F. Berry, grantee, our entire undivided interest in and to the following described lands situated in Yazoo County, Mississippi: . . . (Description properly set out) It is the intention of the grantors to convey the entire interest vested in each of them by deed of D. C. Luckett to the grantors. . . . this conveyance is made subject to the liens assumed by the grantee herein; and there is excepted from this conveyance the several interests . . . as follows: . . . undivided 10/175th interest in and to the oil and gas and other minerals . . . . That certain undivided 82/175 interest in and to all of the oil, gas and other minerals . . . . The grantors, however, do hereby vest in the grantee all the right, title and interest which they acquired by virtue of said deed of said Luckett."

(6) April 3, 1948. Warranty deed from David F. Berry to D. W. Cook et ux. This deed set forth exceptions and reservations thus: "There is excepted from this conveyance an undivided 10/175th interest

in and to all the oil, gas and other minerals in, on and under said land, conveyed to D. C. Latimer by H. G. Luckett . . . by deed dated July 10, 1941, . . . and there is also excepted from this conveyance an undivided 82/175 interest in and to all said minerals in, on and under said lands conveyed to H. G. Luckett by D. C. Luckett by instrument dated December 10, 1943 . . . and the grantor herein reserves unto himself an undivided 40/175 interest in and to all said minerals in, on and under said land, together with the necessary easements for the proper exploration, . . . and there is therefore conveyed to the grantee herein *only* (emphasis added) an undivided 43/175th interest in and to all said minerals in, on and under said lands.''

(7) December 22, 1950. Warranty deed by V. W. Cook to Thomas Warren Smith and Mary Emma S. Smith. This deed conveyed the 175 acres with the following exceptions: ''10/175ths interest in and to all the oil, gas and other minerals in, on and under said land, conveyed to D. C. Latimer by H. G. Luckett and Mary Ellen Luckett by deed dated July 10, 1941, . . . and 82/175ths interest in and to all said minerals in, on and under said land conveyed to H. G. Luckett by D. C. Luckett by instrument dated December 10, 1943, and . . . an undivided 40/175ths interest in and to all said minerals in, on and under said land same having been separated from fee by prior owner . . .; and there is therefore conveyed to the grantee herein only an undivided 43/175th interest in and to all said minerals in, on and under said lands.''

The chancellor, in passing on the demurrers, emphasized that the December 1943 deed from D. C. Luckett to H. G. Luckett ''was an agreement by which the grantor, D. C. Luckett, reserved unto himself the exclusive right to lease said minerals and to collect the bonus and rentals thereon and providing that the royalty on the 82/175ths interest conveyed would be paid direct

to the grantee, H. G. Luckett." As to the conveyance of April 1944, "D. C. Luckett conveyed said lands to D. F. Berry, J. W. Woolwine and S. H. Wood. There was excepted from the conveyance 10 acres of minerals deeded to D. C. Latimer and 82/175ths undivided interest in the minerals conveyed to H. G. Luckett by the instrument dated December 10, 1943," stating further that the deed "provided as follows: 'However all and whatever right, title and interest which the grantor herein has in and to the oil, gas and other minerals conveyed by him to H. G. Luckett by said instrument are hereby conveyed.' This deed conveyed to Berry, Woolwine and Wood all the right, title and interest owned by the grantor including the exclusive right to lease said lands and collect the bonus and rents.

"In May 1945, Woolwine and Wood conveyed their interest in said lands to D. F. Berry. The deed recites that it is the intention of the grantors to convey the entire interest vested in each of them by deed of D. C. Luckett to the grantors and grantee, except the 10/175ths interest in the minerals conveyed to D. C. Latimer and the 82/175 interest in the minerals conveyed to H. G. Luckett by D. C. Luckett. The deed recited as follows: 'The grantors, however, do hereby vest in the grantee all the right, title and interest which they acquire by virtue of the deed of the said Luckett.' By the deed from Woolwine and Wood and the deed from D. C. Luckett, Berry acquired all the right, title and interest in said lands which D. C. Luckett owned at the time of his deed to Woolwine, Wood and Berry. He thereby acquired the right to lease the lands for oil, gas and other minerals and to collect the bonus and rentals.

"In April, 1948, D. F. Berry executed a warranty deed to the lands to V. W. Cook and excepted the 10/175ths mineral interest of D. C. Latimer and the 82/175ths mineral interest conveyed to H. G. Luckett by D. C. Luckett. The grantor further reserved unto

himself 40/175ths interest to the minerals in, on and under said lands and conveyed to the grantee only 43/175ths interest in the oil, gas and minerals. The grantor did not reserve unto himself the right to lease and collect the bonus and rentals on the 82/175ths interest in said minerals which had been conveyed to H. G. Luckett by D. C. Luckett. This was a general warranty deed and conveyed to Cook all the right, title and interest in said lands and minerals owned by the said Berry not excepted therefrom or reserved therein to the grantor. Berry thereby divested himself of all interest in said land and minerals except 40/175ths interest in said minerals specifically reserved to the grantor.

"V. W. Cook executed a similar deed conveying said lands to Thomas Warren Smith et ux. on December 21, 1950. Smith thereby acquired all right, title and interest in said lands conveyed to Cook by Berry.

"Mrs. Doris Ross Berry, devisee under the will of D. F. Berry, Jr., acquired no title to the right to lease and collect the bonus and rentals on said 82/175ths interest in the minerals conveyed to H. G. Luckett by D. C. Luckett, since Berry had divested himself of such title before his death. She cannot, therefore, maintain a suit to cancel clouds on her title, since she shows no title in herself to said rights or interest."

The question is, is the appellant the owner of the right to execute leases upon and retain the bonus money paid for leases, and to receive and retain delay rentals on an undivided 82/175 interest in minerals in and under said lands? We believe that the chancellor properly interpreted the deeds in holding that she does not retain this right under the conveyances.

We believe that the chancellor was correct in his interpretation of the deed of Berry to Cook. The chancellor ruled that Berry had divested himself of all rights or interests connected with the 82/175 interest of Luck-

ett in that Berry divested his interest conveying what he had to Cook and reserving 40/175 interest.

We are of the opinion that there are in the deed of Berry to Cook no repugnant clauses nor inconsistent provisions. All provisions may be harmonized; none need be rejected; and effect may be given to all. In such a situation, where the intention is plain, rules of construction cannot be invoked. Moss v. Jordan, 129 Miss. 598, 92 So. 689; Federal Land Bank of New Orleans v. Cooper, 190 Miss. 490, 200 So. 729; Dale v. Case, 217 Miss. 298, 64 So. 2d 344; Martin v. Adams, 216 Miss. 270, 62 So. 2d 328.

We are of the opinion that the intention of Berry was, as the chancellor found, not to except but to convey to Cook all rights which Berry owned in connection with the Luckett royalty interests. The case is therefore affirmed.

Affirmed.

*Kyle, Gillespie, Rodgers and Jones, JJ.,* concur.