PER CURIAM.
Plaintiff Joyce brought an action for specific performance of a contract to convey real property. His claim was based on an option to purchase present in a lease allegedly assigned to him.
Judgment on the pleadings and summary judgment were awarded in defendant’s favor. Upon examining the record and briefs we find material, genuine issues of fact and law existed. Therefore, we reverse and remand.
A survey of the record reveals at least these issues of fact which must be determined on remand and the existence of which prohibited the entry of the instant summary judgment as a matter of law:
1. Was there a valid assignment of the lease to plaintiff? In other words, was consent to the assignment unreasonably withheld ?
2. Was there a valid assignment of the option to purchase in the lease? Generally, options to purchase are inseparable from the lease and are covenants running with the land. But there is an exception to this general rule. Where the option is inserted in the lease because personal confidence is reposed by the lessor in the lessee this consideration may be enough to remove the option as a covenant running with the land. Sisco v. Rotenberg, Fla.1958, 104 So.2d 365; Rosello v. Hayden, Fla.1955, 79 So.2d 682; Markos v. Raimondi, Fla.App.1959, 108 So.2d 506. Whether this exception is applicable is a question of fact which must be more fully explored.
3. If there was a valid assignment of the lease, in that reasonable requirements for doing so were met, and if there was also a valid assignment of the option to purchase, the trier of fact must finally determine whether the reasonable requirements for consummating the actual purchase were met. This determination shall include an investigation into the possibility of any actions by plaintiff which may have constituted waiver.
We reverse and remand for a full trial consistent with this opinion.
Reversed and remanded.
WALDEN and MAGER, JJ., and SACK, MARTIN, Associate Judge, concur.