*Northern District*
No. 8246
## MARILYN CRONIN, ET AL.
### v.
## I.G.A. FOODLINER

Argued: Sept. 19, 1974 - Decided: Nov. 12, 1974

*Present:* Flynn, J. (Presiding), Forte, Bacigalupo, JJ.

Case tried to *Artesani, J.* in the Fourth District Court of Eastern Middlesex, No. R-1887.

**Bacigalupo, J.** In this action of tort the plaintiffs seek to recover for personal injuries and consequential damages allegedly sustained on March 7, 1966 while the female plaintiff was a business-invitee of the defendant on premises controlled by the defendant. A finding was made for the plaintiffs in the total sum of $7,654.00.

**The reported evidence is, as follows:**

". . . . On March 7, 1966, at about 6:30 p.m. the female plaintiff went into the defendant's store to purchase groceries. She took a food cart and began walking around the store. She stopped the food cart in the tonic aisle, placed three large bottles of tonic in the cart and turned around to get two more when she was knocked to the ground ending up with the food cart on top of her. She testified that she saw a wheel of the cart roll down the aisle. The night manager testified he heard a crash and, when he arrived at the scene of the accident, he saw the plaintiff on the floor and the cart on its side with a front wheel missing.

The plaintiff then left the scene to go and seek medical treatment. In the defendant's answers to interrogatories the defendant admitted control of the premises and ownership of the cart in question. The defendant inspected the carts several times a week to insure that they were in good condition and operating properly. The defendant did not know the exact date prior to the plaintiff's accident when the cart which caused the plaintiff's injury was inspected, but it was not more than two days prior to the accident and it could have been the morning of the accident. The defendant admitted that the wheel had come off the cart.''

The defendant seasonably filed a number of requests for rulings but claims to be aggrieved by the denial of only 4 of its requests. The defendant in its brief concedes that all of the requests which were denied go to the issue of whether or not the defendant was negligent.

The court made the following findings and rulings: ''There was evidence that plaintiff was shopping in defendant's store; that she had some goods including bottled ones in her cart; that the cart fell over upon her; that the front wheel had come away from cart; that goods also landed on her; that plaintiff was injured as the result and was caused pain and suffering for a long period of time; that for a long period of time she was prevented from doing her usual duties as result of said

injuries; that sums were incurred for medical treatment of her injuries; that said injuries were caused by said accident.

"It was agreed that defendant was in control of the premises."

"The Court finds that the injury was caused by the wheel coming off cart causing cart to tip over; that plaintiff was knocked to the floor and cart and goods landed on her; that defendant was in control of cart; the condition of wheel of cart would have been discovered and remedied if defendant had exercised due care in inspecting cart and an inference of negligence of defendant was warranted as the result of the wheel coming off; that there was an implied warranty to plaintiff that premises and equipment would be maintained in a reasonably safe manner and that defendant had breached this warranty . . . ."

We do not concern ourselves with the ruling of the trial justice to the effect "that there was an implied warranty to plaintiff that premises and equipment would be maintained in a reasonably safe manner and that defendant had breached this warranty; . . . ." The action was in tort and the report, which contains all of the evidence material to the question reported, and the docket entries indicate that there was no count in the declaration dealing with any breach of warranty, implied or otherwise, and that this issue was not be-

fore the court under the pleadings. *Mottla Proof of Cases* (2nd Edition) § 3-5.

The single issue before us is whether the totality of the evidence, considered in its aspects most favorable to the plaintiff, was sufficient to permit the justice, as the trier of facts, to find or infer that some negligent action or omission by the defendant caused the accident and resulting injuries to the plaintiff.

It has long been established in this Commonwealth that the defendant owed the plaintiff as a business-invitee the duty to use ordinary care and diligence to keep its premises in a reasonably safe condition. This duty extends to and includes shopping carts provided by the defendant for the use of its patrons. *Mills* v. *Stop & Shop, Inc.*, 48 Mass. App. Dec. 206, 213 (1972). [*Brady* v. *Great Atlantic & Pacific Tea Co.*, 336 Mass. 386, 390-391 (Baby fell from shopping cart furnished by storekeeper due to breaking of strap which held child in seat. Storekeeper liable)].

The defendant, by pleading a general denial, made it incumbent upon the plaintiffs to prove every element of their case including the failure of the defendant in its duty to its patrons to maintain its premises and shopping carts in a reasonably safe condition. *Herman* v. *Fine*, 314 Mass. 67, 69 (1943); *Triangle Dress, Inc.* v. *Bay State Service, Inc.*, 356 Mass. 440 (1969).

 Nevertheless, the plaintiffs are not bound in all cases to show the exact particulars of the defendant's negligence and they are entitled to recover if they prove facts from which an inference of negligence can possibly be drawn and such inference is in fact drawn. *Poulin* v. *H. A. Tobey Lumber Corp.*, 337 Mass. 146, 148 (1958). The plaintiffs are not required to exclude every possible cause of the injuries other than that of negligence of the defendant but are required only to show a greater likelihood that the injury was caused by the defendant's negligence rather than by some other cause. *Jankelle* v. *Bishop Industries, Inc.*, 354 Mass. 491, 494 (1968); *Smith* v. *Karger*, 26 Mass. App. Dec. 136, 140 (1963).

 It is likewise well established in this Commonwealth that the defendant is not an insurer of the plaintiffs' safety while the plaintiff, as a business-invitee, is on the defendant's premises. *Keenan* v. *E. M. Loew's Inc.*, 302 Mass. 309, 311 (1939).

 In the light of the foregoing principles of law, we now examine the evidence.

The female plaintiff was a business-invitee of the defendant. She was using a shopping cart provided for her use by the defendant. It may be fairly inferred from the evidence reported and from the findings of the trial justice based on that evidence and the reasonable inferences to be drawn therefrom, that she was using the cart in a normal manner

for the use for which it was intended and that there was no intervening handler of the cart from the time the defendant delivered custody and control of the cart to her up to and including the time of the accident. *Evangelio* v. *Metropolitan Bottling Co., Inc.*, 339 Mass. 177, 183 (1959).

As was said in *Fitchburg Gas and Electric Light Company* v. *Samuel Evans Construction Co., Inc.*, 338 Mass. 752, 753 (1959):

"We agree, as the defendant argues, that no specific act of negligence on the part of the defendant was shown. And we agree that the mere happening of an accident ordinarily is not sufficient to warrant a finding of negligence. But an accident may be of a kind that in the ordinary course of things would not have happened in the absence of negligence on the part of the person in control of the agency or instrumentality causing it. We are of the opinion that this is such a case and that the judge was warranted in inferring that the defendant was negligent."

The trial justice found that the shopping cart was furnished, owned and maintained by the defendant. The plaintiff was not required to exclude all causes of the accident except the defendant's negligence and it was sufficient if upon the entire evidence there was a greater likelihood that the accident was due to its negligence rather than from other cause. The disengagement of the wheel from the cart and

166

the collapse of the cart leads to a rational inference that it was due to negligence of the defendant. *Antonetta DiRoberto & another* v. *Marie R. Lagasse, Adm.,* 336 Mass. 309, 311-312 (1957).

The findings and rulings of the trial justice indicate that in his view of the case the doctrine of *res ipsa loquitur* was applicable. An analysis of the authority dealing with this doctrine demonstrates that for the doctrine to be applicable 4 elements must be present:

1. Evidence of the physical act which caused the injury;

2. Evidence that the instrumentality which caused the injury is in or comes from the control of the defendant;

3. The circumstances surrounding the accident are peculiarly within the knowledge of the defendant or of his agents and servants;

4. The occurrence is one which does not, in common human experience, happen without negligence. *Simpson and Alperin, Summary of Basic Law, Massachusetts Practice,* Volume 14A, 2d Edition, § 1896.

In our opinion, all 4 of these elements were satisfied in the case at bar. Subsequent to the happening of the accident, the plaintiff immediately sought medical attention. She had no opportunity to examine the disengaged wheel of the cart or the cart itself. In this situation and in the absence of explanation to account for the collapse of the cart the jus-

tice, as the trier of facts, reasonably could infer under all of the circumstances, including the nature of the collapse of the cart, that the failure to discover and remedy the defect was due to negligence on the part of the defendant.

In our opinion, the burden of going forward with evidence, persuasion or explanation was on the defendant. *Callahan* v. *New England Telephone & Telegraph Co.*, 216 Mass. 334, 336 (1914). See also *McCoy* v. *Norumbega Amusement Corporation*, 351 Mass. 708 (1967); *Ware* v. *Gay*, 11 Pick. 106, 112 (1831); *Lowner* v. *New York, New Haven, and Hartford Railroad Company*, 175 Mass. 166 (1900); *Bean* v. *Security Fur Storage Warehouse, Inc.*, 344 Mass. 674, 676 (1962); *Carroll* v. *Boston Elevated Railway Company*, 200 Mass. 527, 536-537 (1909); *Knych* v. *Trustees of New York, New Haven and Hartford Railroad Company*, 320 Mass. 339 (1946). [See: Restatement ''Torts'' § 328D].

The justice was warranted in finding that the unexplained collapse of the cart, while being used in a normal manner, was either due to defective construction or to lack of repair, and that its unsafe condition was more likely attributable to negligence on the part of the defendant than to some other cause. *Courts* v. *Casco Amusement Corporation*, 333 Mass. 740, 742 (1956).