I.
Today's outcome determinative question is, where in the case of a real estate secured transaction the debtor conveys to the secured party the debtor's interest in a leasehold estate, does that conveyance without more also vest in the secured party the debtor's rights in an option to purchase held incident to the lease. We hold that, where the granting clause in the security agreement makes no express reservation of the debtor's interest in the purchase option, that interest is granted to the secured party. We affirm the decision below which has been based on this premise.
 II. A.
Mrs. Ophelia Moore is the owner of approximately 24.24 acres of real property in Tupelo, Mississippi. On September 25, 1972, Mrs. Moore and her late husband, Joseph H. Moore, entered into an agreement, denominated "LEASE", with Moore McCaleb, Inc. (hereinafter "Moore McCaleb"). Included in the agreement was a grant by the Moores to Moore McCaleb of a term of years, thirty-five (35) years to be exact, for a rental of $2,000.00 per month. The instrument further granted to Moore McCaleb an option to purchase the property, exercisable at any time during the thirty-five year term.
Following the lease, Moore McCaleb entered into a secured transaction with Columbus Savings and Loan Association (hereinafter sometimes "Savings Loan"), wherein Moore McCaleb obtained a loan in the amount of $350,000.00, and as security *Page 492 
therefor conveyed its leasehold interest to the Savings Loan's trustee. The deed of trust was subsequently assigned to Bankers Trust Savings Loan Association. Following default by Moore 
McCaleb, the deed of trust was foreclosed in 1975, and Bankers Trust purchased the leasehold at foreclosure. Moore McCaleb was thereupon removed from possession of the property and has made no subsequent rent payments.
Bankers Trust assigned the lease to J.W. Rice and Associates. J.W. Rice and Associates gave Bankers Trust a deed of trust on the leasehold interest, and subsequently defaulted, causing foreclosure and repurchase of the leasehold interest by Bankers Trust in 1977. Bankers Trust, which had by this time changed its name to Depositors Savings Association, then assigned the leasehold interest in 1979 to Ben M. Gaines and his partner, Ed Perkins. Gaines in turn purchased his partner's interest in 1981, thereby acquiring the entire leasehold interest. Gaines remains the current Tenant under the Lease, and, in addition to having made the rent payments continuously since 1979, Gaines has begun a substantial development project on the real property in question. He intends to exercise the option to purchase.
 B.
The dispute between Gaines and Moore McCaleb regarding ownership of the option rights was brought to the attention of the Chancery Court of Lee County when Gaines filed his complaint naming Moore McCaleb as defendant and seeking removal of Moore McCaleb's claim to the option as a cloud on Gaines' title. In due course the matter came on for hearing on its merits whereupon, on June 13, 1984, the Chancery Court held that the original deed of trust conveyed to Columbus Savings and Loan Association conveyed in trust the option to purchase as well as the "leasehold interest" held by Moore McCaleb and that the option was lost by Moore McCaleb by virtue of foreclosure proceedings. The Chancery Court reasoned:
 The first mortgage given by the tenant was to The Columbus Savings and Loan Association. The deed of trust described the mortgaged property as:
 That certain leasehold interest of the Grantor as evidenced by lease dated September 28, 1972, and recorded in Deed Book 908 at Page 431 in the Chancery Clerk's office of Lee County, Mississippi, in and to the following described real property.
 It thus appears that the terminology "leasehold interest" and as "evidence by lease" go together and the intention appears to be that the mortgage includes all parts of the lease itself by the reference to the lease and its recording data. This would include the option to purchase as provided in paragraph 22 of the lease.
 * * * * * *
 It would be inconsistent and not reasonable to construe the lease in such a way to reserve a part of it to Moore McCaleb, Inc., and at the same time to have it to lose all other rights under the lease by defaulting on its obligations.
From this adverse ruling, Moore McCaleb has perfected its appeal to this Court. We affirm.
 III.
This lawsuit asked the Chancery Court originally — and asks this Court on appeal — who holds the option to purchase Mrs. Moore's property? Moore McCaleb claims the option by virtue of the original September 25, 1972 Lease. Moore McCaleb denies that it has ever assigned or conveyed the option to anyone. Gaines, on the other hand, argues that Moore McCaleb conveyed the option in trust as a part of the February 15, 1973 deed of trust, that it was subsequently foreclosed and has ultimately been conveyed to him. The critical question is whether the February 15, 1973 deed of trust given by Moore McCaleb to the Savings Loan conveyed to the trustee Moore McCaleb's interest in the option, for, if that question be answered in the affirmative, it is apparent that whatever *Page 493 
was conveyed in trust was subsequently foreclosed and that which was subsequently foreclosed is now held by Gaines.
We are concerned here with privately made law. Without question the document entitled "Lease" vested in Moore McCaleb two interests in the property: (1) a term of years — thirty-five years to be exact, and (2) an option to purchase exercisable any time prior to the termination of the lease. Moore McCaleb was also granted the right to assign "any leasehold interest" and "the covenants and agreements herein contained".
In making its financial arrangements with the Savings Loan, Moore McCaleb was legally empowered to convey in trust the term of years only, the option only, or both, subject, of course, to its negotiations and agreement with the Savings Loan. To see what was conveyed we turn to the granting clause of that deed of trust which reads as follows:
 That GRANTOR, in consideration of the debt and trust hereinafter mentioned and the sum of one dollar to the GRANTOR paid by the TRUSTEE, the receipt whereof is hereby acknowledged does hereby grant, bargain, sell, convey and warrant unto the TRUSTEE, his successors and assigns, the following described personal property and/or real estate, together with and including, but not limited to, all buildings and improvements of any kind thereon (or that may hereafter be erected or placed thereon) and all and singular the rights, easements tenements, hereditaments, and appurtenances and all other rights thereunto belonging, or in any wise now or hereafter appertaining or reversions, remainders, rents, issues, and profits thereof, and all rights of homestead, and all plumbing, heating, ventilating, air conditioning and lighting fixtures and equipment now or hereafter attached to or used in connection with said premises lying and being in the City of Tupelo, County of Lee, State of Mississippi, to-wit:
 That certain leasehold interest of the Grantor as evidenced by lease dated September 28, 1972, and recorded in Deed Book 908 at page 431 in the Chancery Clerk's office of Lee County, Mississippi, in and to the following described real property:
 [Here follows a description of the real property, being 24.24 acres, more or less.]
By this language Moore McCaleb vested in the Savings Loan its rights in the term of years. Arguably, the granting clause of the deed of trust is silent regarding the option. Our question is, what is the effect of this silence? Or, putting the point another way, where in the case of a secured transaction the debtor conveys in trust or to the secured party its interest in a lease agreement, which contains both a grant of a term of years as well as an option to purchase, who has the burden of making express the status of the option? Upon reflection, we consider that, in the ordinary case the option to purchase will be an important aspect of the debtor's interest in the property so that, unless it is expressly excluded, the option to purchase will be deemed granted to the trustee or the secured party. Stated otherwise, in the case of a lease agreement such as that with which we are here concerned, if the holder of the option wishes to reserve it from conveyance as security, he must state his reservation in the deed of trust or security agreement. In the absence of such an express reservation, the option as a matter of law will be deemed conveyed with the leasehold or the term of years.
An option to purchase demised property, where option is contained in the lease agreement, is generally regarded as a covenant that runs with the land. Valley Oil Company v.Barberian, 344 Mass. 759, 183 N.E.2d 109, 110 (1962); Markos v.Raimondi, 108 So.2d 506, 508 (Fla.App. 1959); see also 45 A.L.R.2d 1034, § 5, pp. 1040-41 for a list of cases and jurisdictions that recognized the rule. In Gilbert v. VanKleeck, 284 App. Div. 611, 132 N.Y.S.2d 580 (1954) the New York court articulated the rationale supporting the general rule. *Page 494 
 As to the first point, the question of whether an option to purchase contained in a lease is assignable apart from the lease is basically a question of the intention of the parties. It is possible to draft the provision so as to give the lessee an option to purchase as an independent contractual right, separable from the lease, but such a provision would be an unusual one. The principal purpose of a first option to purchase is to protect the lessee's interest in continued possession of the premises by assuring him of an opportunity to purchase the premises before they are sold to anyone else. A subsidiary purpose is to encourage the lessee to make improvements upon the premises which he might not otherwise make. These purposes would be defeated if the lessee, while keeping the leasehold estate, were to assign the option to a stranger. It is therefore to be inferred, in the absence of an expression of an intention of the parties to the contrary, that the option was intended to be inseparable from the leasehold estate.
132 N.Y.S.2d at 585. See also Comment, 15 Cal.L.Rev. 56, (1926-27); Bewick v. Mecham, 26 Cal.2d 92, 156 P.2d 757, 760 (1945); Powell, Real Property, § 246[2] pp. 372.114-372.123.
Moore McCaleb argue that the option to purchase was personal to it and, in substance, that the option was unassignable. The argument, step by step, seems to be that the option to purchase authorized Moore McCaleb to exercise the option upon credit terms, that the landlord, Mrs. Moore, was obviously satisfied with Moore McCaleb's creditworthiness at the time of execution of the lease, but that it is unfair to subject the landlord to an assignee whose creditworthiness she has never approved. To be sure there are cases which, in other factual and procedural contexts, suggest validity in this reasoning. Rosello v.Hayden, 79 So.2d 682, 686 (Fla. 1955); Myers v. J.J. Stone Son, 128 Iowa 110, 102 N.W. 507 (1905); Menger v. Ward, 87 Tex. 622,30 S.W. 853 (Texas 1895). If the option to purchase be personal to the lessee/optionee, then it is likewise personal to the lessor/optionor. This would suggest that the lessor/optionor — in this case Mrs. Moore — would be the only person with standing to object to the exercise of the option by a subsequent assignee. The public policy favoring free alienability of interests in land would otherwise control. Here Mrs. Moore not only has no objection to Gaines exercising the option but has testified unequivocably that she would welcome his doing so.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P. JJ., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.