**UNION EXPLORATION PARTNERS, LTD., Plaintiff,**

**v.**

**AMSOUTH BANK, et al. Defendants.**

**Civ. A. No. J88–0118(B).**

United States District Court,
S.D. Mississippi.

May 10, 1989.

Si M. Bondurant, Gerald, Brand, Watters, Cox & Hemleben, Jackson, Miss., for Mary McRaney Burrell and Anna McRaney McCoy.

Larry Buffington, Collins, Miss., for Earl Wilson, Nell Graham and Willie Mae Roth.

Pshon Barrett, Asst. U.S. Atty., Jackson, Miss., for James E. Clark, Jr., FHA and IRS.

Robert M. Frey, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Miss., for AmSouth Bank.

Frank D. Montague, Jr., Montague, Pittman & Schwartz, Hattiesburg, Miss., for Bank of Miss., Louise McRaney Hurdle, Stewart Barwick McRaney and Irene McRaney Stevens.

David Shoemake, Collins, Miss., for Jessie Nell C. Johnson and Paul E. Johnson.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Motion of Defendants Mary McRaney Burrell and Anna McRaney McCoy for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendants AmSouth Bank, Bank of Mississippi, Guardian of the estate of Stewart Barwick McRaney, NCM, Louise McRaney Hurdle, Stewart Barwick McRaney, NCM, individually and Irene McRaney Stevens have joined Burrell and McCoy in this Motion.[1] Defendants Earl Wilson, Nell Graham, Willie Mae Roth, individually and on behalf of the estate of Burnell Pope, Jessie Nell C. Johnson, Paul E. Johnson and the United States of America, on behalf of the Farmers Home Administration, United States Department of Agriculture have responded[2] and the Court has considered the memorandum of authorities together with attachments submitted by the parties.

This interpleader action was brought by Union Exploration Partners, Ltd. pursuant to 28 U.S.C. § 1335. Plaintiff is the assignee of a mineral leasehold estate consisting of the entirety of the mineral estate in, on and under certain lands in Covington County, Mississippi, which includes three tracts at issue here. These three tracts constituted part of the production and proration unit for the Billy D. Evans 10–7 Well # 1 (the well) which produced gas and gas condensate beginning on July 3, 1979, and ending on June 28, 1986, after which time the well was plugged and abandoned. By virtue of that production, certain gas and gas condensate royalties accrued under the leases. Plaintiff held in suspense various undivided portions of the production royalties due to a conflict between the various defendants regarding the proper meaning and construction of two deeds in the chain of title to the three tracts of land.

Defendants in this action include the successors in interest to the Grantors of two deeds executed in 1946 (the Grantor Defendants) and the successors in title and interest to the Grantees of those deeds (the Grantee Defendants). The dispute between these two groups centers around the meaning and effect of the following provision contained in the deeds:

It is understood and agreed that all oil and mineral rights together with all rentals and royalties or any oil and minerals in, on and under said land, is hereby reserved to the Grantors. It is further understood and agreed that the Grantors are to pay to the Grantee one-half of all money received from said oil and minerals.

---

**1.** Defendant AmSouth has also filed a Motion for Partial Summary Judgment against several of the Defendants. The matter of concern there is disposed of by the decision of the Court, infra.

Defendants Burrell and McCoy have also filed Motions to Strike the Responses of Defendants Wilson, Graham, Roth, Jessie Nell C. Johnson and Paul E. Johnson pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. These motions are based on the untimely service of the Motion of those Defendants for Additional Time Within Which to Respond and their Responses to the Burrell and McCoy Motion. The Court notes that those Defendants failed to respond to the Motion of AmSouth in any manner. However, because the movants have joined in the motions of the others, the Court has accepted the responses to the Burrell and

McCoy Motion as responses to both. And though the responses were untimely by several days, the Court has considered them. The Motions to Strike are, therefore, denied.

**2.** Defendant United States, acting by and through the Internal Revenue Service, has disclaimed any interest in the funds contested in this action. Also, AmSouth has presented an application for default as against Defendants B.W. Curry, III, Otis Graves and Service Finance Corporation for failure to respond in any manner to the complaint. Default is appropriate in this matter as to these Defendants; however, at the date of this opinion such had not been entered. Since the defenses in this case are the same as to all Defendants, the Court has considered such as to all Defendants. The remaining Defendant, James E. Clark, failed to respond to the motions.

Both groups assert individual interests in the "excess" royalties [3] which Plaintiff has deposited with this Court. The movants, who are several of the Grantor Defendants, claim that the deeds unambiguously reserved all oil and mineral rights along with all rentals and royalties while bestowing upon the original Grantees only the Grantors' personal promise to pay unto them one-half of the money so received, and that such promise terminated upon the Grantors' death. Defendants Wilson, Graham, Roth, Jessie Nell C. Johnson and Paul E. Johnson, who are some of the Grantee Defendants, contend that the promise to pay royalties was a covenant to run with the land and, further, that the Grantor Defendants have acknowledged the Grantee Defendants' interest by failing to raise the issue of a "personal contract" until after more than twenty years of production and receipt by the Grantee Defendants of royalties from the usual one-eighth royalty funds during such time. These respondents and the United States, on behalf of FmHA, contend that there are factual issues which remain to be resolved. The parties to this motion do not dispute the terms of the 1946 deeds. The Court is of the opinion that there are no genuine issues of material fact and the only issue is the legal one of construction and interpretation of the deeds; therefore, partial summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Of course, the inferences to be resolved from the underlying facts are resolved in the light most favorable to the nonmovants. *United States v. Diebold*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

■ In this diversity action, the Court turns to the law of Mississippi to determine the proper construction of the 1946 deeds. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1933). Mississippi case law emphatically holds that a deed must be construed "as a whole and that the intent of the parties be gathered

... from a fair consideration of the entire instrument along with the words employed therein." *Welborn v. Henry*, 252 So.2d 779, 780 (Miss.1971) (citing *Rogers v. Morgan*, 250 Miss. 9, 164 So.2d 480 (1964)). Theories of construction and other construction aids are available to interpret any ambiguity which may exist. *Berry v. Luckett*, 248 Miss. 99, 158 So.2d 706 (1963); *Gaston v. Mitchell*, 192 Miss. 452, 4 So.2d 892, 893 (1941). But where no ambiguity exists, the court must construe the deeds as they are written, guided only by the language used in the deed itself and inferring purpose or intent from the words actually used there. *Thornhill v. System Fuels, Inc.*, 523 So.2d 983, 1007 (Miss.1988) (Robertson, J., concurring); *Westbrook v. Ball*, 222 Miss. 788, 77 So.2d 274, 275 (1955); *Sumter Lumber Co., Inc. v. Skipper*, 183 Miss. 595, 184 So. 296, 298 (1938).

■ In the instant case, the 1946 deeds contained a clear and unambiguous clause which reserved all minerals, all mineral rights and all royalties in the original Grantors. There is no other construction that the Court could possibly give to such straightforward language. The clause about which the parties argue is that which provides that "[i]t is further understood and agreed that the Grantors are to pay to the Grantee one-half of all money received from said oil and minerals." The question is whether this covenant is one which was personal to the makers of the deeds or which runs with the land.

Mississippi law provides that an affirmative covenant may be found to run with the land if the parties meant to so charge the land and if the burden is one so related to the land that it could be imposed consistently with policy and principle. *Mendrop v. Harrell*, 233 Miss. 679, 103 So.2d 418, 423 (1958). In *Mendrop*, the Mississippi supreme court construed a deed which expressly stated in two provisions that a covenant to bear all expenses incidental to paving of the street or sidewalk adjacent to the property conveyed was to run with the land. That deed also expressly required

---

**3.** The interpled funds represent the amount of production royalties which were in excess of the usual one-eighth royalty interest which was payable under the lease.

the grantee and his successors in title to perform the covenant. In the instant case, the 1946 deeds do not contain language which either expressly or implicitly states that the Grantors and their heirs or assigns are to pay money to the Grantees and their heirs and assigns. Neither do the 1946 deeds include any language which either expressly or implicitly states that the promise to pay is one which was to run with the land. The Mendrop court also found that the covenant was one which was so related to the land as to enhance its value and confer benefit upon it and, thus, found it a reasonable burden. That covenant was one beneficial to the use and enjoyment of the property. See also, *Moore & McCaleb, Inc. v. Gaines*, 489 So.2d 491, 493–94 (Miss. 1986) (option to purchase leasehold runs with land unless reserved; encourages improvements); *William W. Bond, Jr. & Associates v. Lake O' the Hills Maintenance Ass'n*, 381 So.2d 1043, 1044 (Miss.1980) (obligation to pay annual maintenance fee runs with the land); *Mississippi State Highway Commission v. Cohn*, 217 So.2d 528, 532 (Miss.1969) (right to use highway structures as agricultural underpasses runs with land). It is the opinion of the Court that the Grantors' promise to the Grantees in this case is inapposite to the covenants which have been found to run with the land in that this promise was not one incident to the surface estate, nor does it affect either the physical use or enjoyment of the property.[4]

Though no Mississippi case has been found to involve substantially similar facts to the one at hand, the Court has before it the case of *Tegarden v. Beers*, 175 Kan. 610, 265 P.2d 845 (1954), in which the Kansas Supreme Court considered a post-nuptial contract which provided that the husband conveyed property to the wife and, in event of oil and gas production, the wife promised to assign to the husband a one-half interest in all royalty accruing under the leases. The Kansas court noted that the contract was not made binding on the heirs, successors or assigns of the parties and neither did it require the wife to make an assignment or conveyance of any kind in the land itself. The court held that because the contract required the wife to share in the royalties after the oil and gas was produced, the production royalties were personalty and the provisions relating thereto did not run with the land. The promise to pay the husband, therefore, died with the husband. As in *Tegarden*, the promise here was to pay a one-half interest in all royalty which may accrue under oil and gas leases to a second party with no mention of that second party's heirs or successors and with no mention of whether the promise was to run with the land. Though the Kansas court did not discuss the principles outlined in Mendrop, the foregoing interpretation of the instant deed provision under these principles is reinforced by the *Tegarden* decision since by holding that the covenant there pertained solely to personalty, the court implicitly found that the covenant did not touch or concern the land.

The Court is mindful of the respondent-Grantee Defendants' reliance on the Grantor Defendants' past failure to object to payment from the usual one-eighth royalties to the Grantee Defendants. However, since the 1946 deeds are found to be unambiguous with no repugnant clauses or inconsistent provisions, making the intention of the makers of the deeds clear, then the rules of construction, such as course of dealing or any other parole evidence, cannot be invoked. *Berry*, 158 So.2d at 710.

In sum, the Court finds that the provision of the 1946 deeds which reserve all mineral rights and royalties in the Grantors and which includes a promise "that the Grantors are to pay to the Grantee one-half of all money received from said oil and minerals" is unambiguous, that the prom-

4. This consideration of whether the covenant affects the physical use or enjoyment of the land is consistent with the premise that in order for a promise to run with the land, the parties must have intended that the promise shall run and that the benefit and the burden of the covenant must "touch and concern" the land. This general requirement means that the covenant cannot be collateral to but must benefit the land. See generally, 20 Am.Jur.2d Covenants Conditions and Restrictions § 30–37 (1965 Supp.1987); Restatement of Property, §§ 531, 537.

ise to pay the "Grantee" is one that was not intended to run with the land and that the Summary Judgment Motion considered herein is well taken and should be granted. As such, the Motion of AmSouth Bank, as joined by the several other Grantor Defendants, is rendered moot and is denied. The decision of the Court today operates only to render Summary Judgment in favor of the movant Grantor Defendants as against each of the Grantee Defendants. The Court, therefore, withholds the entering of a final judgment which would award the movants any share in the interpled funds until the disputes between the remaining Grantor Defendants, Mary Frances Dickey, First Alabama Bank, Charles Ed Harper, James E. Hewitt, Jr., James E. Hewitt, III, Doris M. McRaney, Ann Hewitt Rogers, Renn Rothrock, J.C. Searcy, Jr. and Shogun Oil Properties, Inc., and the Grantee Defendants as well as any disputes among the Grantor Defendants are resolved. The final judgment is withheld in the interest of an orderly disbursal of the interpled funds.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Motion of Mary McRaney Burrell, Anna McRaney McCoy, AmSouth Bank, Bank of Mississippi Guardian of the estate of Stewart Barwick McRaney, NCM, Louise McRaney Hurdle, Stewart Barwick McRaney, NCM, individually, and Irene McRaney Stevens, should be and is hereby granted, with final judgment in their favor and against Defendants James E. Clark, Jr., B.W. Curry, III, Nell Lott Graham, Otis Graves, Jessie Nell C. Johnson, Mississippi Employment Security commission, Willie Mae Roth, individually and as executrix of the estate of Burnell Pope, Service Finance Corporation, Earl Wilson and the United States of America, acting by and through the Farmers Home Administration, United States Department of Agriculture, to be held until all remaining claims in this action are resolved and an award may be properly entered.

SO ORDERED.